STAFFORD ET AL. *vs.* MOORE.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE PARISH OF WEST FELICIANA, THE JUDGE THEREOF PRESIDING.

In an action against the surety of a tutor, the bond must be produced in evidence; it will not *suffice* to exhibit a bond, given by the tutor as *administrator* of the estate coming from the minor's parents.

This is an action against the surety in a bond, given for the faithful administration of property inherited by minors.

The plaintiffs allege, that they are the children and heirs of John and Harriet Stafford, and that in August, 1833, B. S. Hall, of the parish of West Feliciana, was duly appointed their tutor, and in that capacity took on himself the administration of the estate of their deceased parents; that he has received and disposed of property of the estate, which he has failed to account for, amounting to one thousand five hundred and fifty-nine dollars.

The plaintiffs further show, that Hall gave bond for his faithful administration in the said capacity, in the sum of four thousand dollars, with Wiley Moore, the defendant, as his surety; and that Hall is now dead, and never having accounted or paid over to them the amount of the estate of their parents, remaining in his hands, they pray judgment against the surety in the bond.

The defendant excepted to the jurisdiction of the court, on the ground that it was a suit for the settlement of accounts, and must be brought in the Court of Probates. This plea was overruled.

On the trial, the plaintiffs offered in evidence, a renewed bond, executed by B. S. Hall, with the defendant as his surety *for the faithful administration* of the estates of John and Harriet Stafford, dated the 9th of November, 1834, containing a penalty of four thousand dollars.

The district judge was of opinion, the bond offered was insufficient evidence to charge the defendant, because, from

the face of the instrument, it does not appear that Moore was ever the surety of Hall, *as tutor* of the plaintiffs. Judgment of non-suit was rendered, from which the plaintiffs appealed.

*Bullard and Thomas,* for the plaintiffs and appellants.

*Johnson, contra.*

*Carleton, J.,* delivered the opinion of the court.

The petitioners allege, that Burr S. Hall, now deceased, was appointed their tutor in August, 1833; that he took possession of their estate, sold a portion of it, and otherwise appropriated its funds to his own use, without having ever rendered any account of his administration. The defendant, Moore, is sued as the security on the tutor's bond, and judgment is prayed for against him for the amount unaccounted for by the deceased tutor.

In an action against the surety of a tutor, the bond must be produced in evidence; it will not *suffice* to exhibit a bond given by the tutor as *administrator* of the estate coming from the minors' parents.

At the trial of the cause, no *tutor's* bond was produced, but another bond was exhibited in its stead, purporting to have been given by the deceased, as *administrator* of the estate of plaintiffs' parents, John and Harriet Stafford; whereupon, the judge rendered a judgment as of non-suit, against the plaintiffs, who appealed.

We think the judge decided correctly. The bond exhibited did not form the basis of the action; was, in its nature, very different from a tutor's bond, and involving different responsibilities.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.